1  SEAN K. KENNEDY (145632)
   Federal Public Defender
2  MYRA SUN (144190)
   SEAN J. BOLSER (250241)
3  STATIA PEAKHEART (200363)
   Deputy Federal Public Defenders
4  Statia_Peakheart@fd.org
   321 East 2nd Street
5  Los Angeles, California  90012-4202
   Telephone:  (213) 894-7528
6  Facsimile:   (213) 894-7566
   Attorneys for Petitioner
7  JAMES NELSON BLAIR

8  EDMUND G. BROWN, JR.
   Attorney General of the State of California
9  ROBERT R. ANDERSON
   Chief Assistant Attorney General
10 PAMELA C. HAMANAKA
   Senior Assistant Attorney General
11 KEITH H. BORJON
   Supervising Deputy Attorney General
12 A. SCOTT HAYWARD (172106)
   NANCY JAMES (175699)
13 Deputy Attorneys General
   (E-mail:  DocketingLAAWT@doj.ca.gov)
14 300 South Spring Street, Suite 1702
   Los Angeles, CA  90013
15 Telephone:  (213)897-2370
   Facsimile:   (213) 897-6496
16 Attorneys for Respondent
   ROBERT L. AYERS, Jr.

17

            UNITED STATES DISTRICT COURT
18
           CENTRAL DISTRICT OF CALIFORNIA
19
                 EASTERN DIVISION
20

21 | JAMES NELSON BLAIR, | CV 99-6859-VAP (OP) |
22 | Petitioner, | **DEATH PENALTY CASE** |
23 | v. | **Joint Stipulation for Protective Order for Testimony and Declarations Regarding Petitioner's Competency** |
24 | ROBERT L. AYERS, JR., Warden, California State Prison at San Quentin, et al., | AND ORDER |
25 | | |
26 | Respondents. | |

27

28

**INTRODUCTORY STATEMENT**

This Court has scheduled the hearing to "determin[e] Blair's competence to assist his counsel in accordance with *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003)" to begin September 30, 2008.  Some of the information relied upon by the experts, and potentially some additional evidence, is protected by the attorney-client privilege and/or work product doctrine.  The parties agree that said information should remain confidential, except as otherwise indicated in this stipulation.  Accordingly, the parties stipulate as follows:

**JOINT STIPULATION**

Hereafter, Petitioner and Respondent, through their respective counsel, stipulate to the following:

Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), this Court shall enter a protective order:

1.      All information that is privileged under the attorney-work product doctrine and is attorney-client communication produced or presented in this action may be used only for purposes of litigating Petitioner's competency to assist counsel or other mental health or mental state claims for state and federal habeas relief:

(a)      Petitioner and the members of the legal team, *i.e.*, lawyers, paralegals, investigators, and support staff, assigned to *Blair v. Ayers*, No. CV 99-6859-VAP (OP), and persons retained by Petitioner's counsel to assist in habeas corpus proceedings involving the Petitioner, including, but not limited to, outside investigators, consultants and expert witnesses; and

(b)      Respondent and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, to *Blair v. Ayers*, No. CV 99-6859-VAP (OP), and persons retained by Respondent's counsel to assist in litigating the instant *Dusky/Gates* competency hearing, including, but not limited to, outside investigators, consultants and expert witnesses.

1

1    2.    This Protective Order extends to members of the legal teams and all

2    persons retained by the parties to litigate *Blair v. Ayers*, No. CV 99-6859-VAP

3    (OP).  All such individuals shall be provided with a copy of this Protective Order.

4    3.    All privileged information that is presented in court shall be heard in

5    a courtroom closed to the public.  All transcripts from these proceedings shall be

6    requested by only present counsel (the Federal Public Defender and the California

7    Attorney General) for Petitioner and Respondent.  All transcripts from these

8    proceedings shall be filed under seal.

9    4.    Except for disclosure to the persons and agencies described in

10    Paragraph 1, disclosure of the documents, the contents of the documents, and

11    testimony concerning the documents or their contents shall not be made to any

12    other persons or agencies, including, but not limited to, prosecutorial agencies and

13    law enforcement personnel, without the Court's order.

14    5.    Any privileged information shall be clearly designated as such, when

15    presented at any evidentiary hearing, by labeling the documents in a manner that

16    does not prevent reading the text of the document.  For example, documents such

17    as counsel's correspondence with Petitioner, the report by Richard G. Dudley, Jr.,

18    M.D., and his testimony, and the declaration and testimony of Statia Peakheart

19    contain privileged information.

20    6.    All privileged information shall be kept under seal in a manner

21    reflecting their confidential nature and designed to ensure that the privileged

22    material will not become part of the public record.  At the evidentiary hearing to

23    be held in this matter, privileged testimony shall be clearly designated as such by

24    marking the transcripts of the proceeding.  Any pleading, deposition transcript,

25    discovery response or request, or other papers served on opposing counsel or filed

26    or lodged with the court that contains or reveals the substantive content of the

27    privileged matter shall be filed under seal, and shall include a separate caption

28    page that includes the following confidentiality notice or its equivalent:

1

"TO BE FILED UNDER SEAL

2

THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL

3

INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT
TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED"

4      7.      If privileged documents or documents containing privileged matters

5   are filed with this Court, they shall be filed with the Clerk of this Court in sealed

6   envelopes prominently marked with the caption of the case and the foregoing

7   Confidentiality Notice.  The Clerk of the Court is directed to maintain the

8   confidentiality of any documents filed in accordance with the above.  Insofar as

9   reasonably feasible, only confidential portions of the filings shall be under seal;

10   and the parties shall tailor their documents to limit, as much as is practicable, the

11   quantity of material that is to be filed under seal.  When a pleading or document

12   contains only a limited amount of privileged content, either party may file a

13   complete copy under seal and at the same time file on the public record an

14   additional, redacted version of the document, blocking out the limited matter

15   comprising the confidential portions.

16   ///

17   ///

18   ///

19

20

21

22

23

24

25

26

27

28

3

1       8.    This order shall continue in effect after the conclusion of the

2 *Dusky/Gates* competency hearing in *Blair v. Ayers*, No. CV 99-6859-VAP (OP),

3 and specifically shall apply in the event of any post-conviction merits

4 determination, and retrial of all or any portion of Petitioner's criminal case.  Any

5 modification or vacation of this order shall only be made upon notice to and an

6 opportunity to be heard from both parties.

7      SO STIPULATED:

8                                        Respectfully submitted,

9                                        SEAN K. KENNEDY
Federal Public Defender

10

11 Dated: August 27, 2008       By    */s/ Statia Peakheart*
STATIA PEAKHEART

12                                        MYRA SUN
SEAN J. BOLSER

13                                        Deputy Federal Public Defenders
Attorneys for Petitioner

14                                        JAMES NELSON BLAIR

15                                        EDMUND G. BROWN, JR.
Attorney General

16                                          of the State of California

17 Dated: August 27, 2008       By    */s/ Attorney Statia Peakheart*
*authorized to sign on behalf of*

18                                        *Respondent by Attorney A. Scott*
*Hayward*

19                                        A. SCOTT HAYWARD
Deputy Attorney General

20                                        Attorneys for Respondents
ROBERT L. AYERS, JR.

21

22

23

24

25

26

27

28

4

# DECLARATION OF SERVICE

I declare that I am, and was at all times herein mentioned, a citizen of the United States, a resident of the County of Los Angeles, over the age of 18 years and not a party to this action or proceeding.  My business address is Office of the Federal Public Defender, 321 East 2nd Street, Los Angeles, California 90012-4206, and I am employed in the office of a member of the bar of this Court, at whose direction the service described herein was made.  I served the within **Joint Stipulation for Protective Order for Testimony and Declarations Regarding Petitioner's Ability to Assist Counsel** on the parties in this action by placing one copy thereof in an envelope and depositing said envelope in the United States Mail, with postage fully prepaid thereon, at Los Angeles, California, addressed as follows:

James N. Blair, CDC# D-13027
San Quentin State Prison
San Quentin, CA 94964

By Hand-delivery:                                    Courtesy Copy to:

Death Penalty Law Clerk                       Hon. O. Parada, Mag. Judge
United States Courthouse, Rm 801        Riverside Federal Courthouse
312 North Spring Street                          Riverside, California
Los Angeles, CA 9001

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Los Angeles, California on August 27, 2008.

*/s/ Martha Sifuentes*
Martha Sifuentes

1  SEAN K. KENNEDY (145632)
   Federal Public Defender
2  MYRA SUN (144190)
   SEAN J. BOLSER (250241)
3  STATIA PEAKHEART (200363)
   Deputy Federal Public Defenders
4  Statia_Peakheart@fd.org
   321 East 2nd Street
5  Los Angeles, California  90012-4202
   Telephone:  (213) 894-7528
6  Facsimile:   (213) 894-7566
   Attorneys for Petitioner
7  JAMES NELSON BLAIR

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11 | JAMES NELSON BLAIR,            | CV 99-6859-VAP (OP)

12 |                 Petitioner,    | **DEATH PENALTY CASE**

13 |        v.                      | [Proposed] **Protective Order for Testimony and Declarations Regarding Petitioner's Competency**

14 | ROBERT L. AYERS, JR., Warden,
15 | California State Prison at San Quentin, et al.,

16 |                 Respondents.

17

18      IT IS HEREBY ORDERED THAT:

19      Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), this Court

20 shall enter a protective order:

21      1.      All information that is privileged under the attorney-work product

22 doctrine and is attorney-client communication produced or presented in this action

23 may be used only for purposes of litigating Petitioner's competency to assist

24 counsel or other mental health or mental state claims for state and federal habeas

25 relief:

26      (a)      Petitioner and the members of the legal team, *i.e.*, lawyers,

27 paralegals, investigators, and support staff, assigned to *Blair v. Ayers*, No. CV 99-

28 6859-VAP (OP), and persons retained by Petitioner's counsel to assist in habeas

                                    1

1  corpus proceedings involving the Petitioner, including, but not limited to, outside

2  investigators, consultants and expert witnesses; and

3        (b)    Respondent and the members of the legal team, i.e., lawyers,

4  paralegals, investigators, and support staff, to *Blair v. Ayers*, No. CV 99-6859-

5  VAP (OP), and persons retained by Respondent's counsel to assist in litigating the

6  instant *Dusky/Gates* competency hearing, including, but not limited to, outside

7  investigators, consultants and expert witnesses.

8        2.    This Protective Order extends to members of the legal teams and all

9  persons retained by the parties to litigate *Blair v. Ayers*, No. CV 99-6859-VAP

10  (OP).  All such individuals shall be provided with a copy of this Protective Order.

11        3.    All privileged information that is presented in court shall be heard in

12  a courtroom closed to the public.  All transcripts from these proceedings shall be

13  requested by only present counsel (the Federal Public Defender and the California

14  Attorney General) for Petitioner and Respondent.  All transcripts from these

15  proceedings shall be filed under seal.

16        4.    Except for disclosure to the persons and agencies described in

17  Paragraph 1, disclosure of the documents, the contents of the documents, and

18  testimony concerning the documents or their contents shall not be made to any

19  other persons or agencies, including, but not limited to, prosecutorial agencies and

20  law enforcement personnel, without the Court's order.

21        5.    Any privileged information shall be clearly designated as such, when

22  presented at any evidentiary hearing, by labeling the documents in a manner that

23  does not prevent reading the text of the document.  For example, documents such

24  as counsel's correspondence with Petitioner, the report by Richard G. Dudley, Jr.,

25  M.D., and his testimony, and the declaration and testimony of Statia Peakheart

26  contain privileged information.

27        6.    All privileged information shall be kept under seal in a manner

28  reflecting their confidential nature and designed to ensure that the privileged

2

material will not become part of the public record.  At the evidentiary hearing to be held in this matter, privileged testimony shall be clearly designated as such by marking the transcripts of the proceeding.  Any pleading, deposition transcript, discovery response or request, or other papers served on opposing counsel or filed or lodged with the court that contains or reveals the substantive content of the privileged matter shall be filed under seal, and shall include a separate caption page that includes the following confidentiality notice or its equivalent:

"TO BE FILED UNDER SEAL

THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED"

7.      If privileged documents or documents containing privileged matters are filed with this Court, they shall be filed with the Clerk of this Court in sealed envelopes prominently marked with the caption of the case and the foregoing Confidentiality Notice.  The Clerk of the Court is directed to maintain the confidentiality of any documents filed in accordance with the above.  Insofar as reasonably feasible, only confidential portions of the filings shall be under seal; and the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal.  When a pleading or document contains only a limited amount of privileged content, either party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

///

///

///

3

1    8.    This order shall continue in effect after the conclusion of the

2   *Dusky/Gates* competency hearing in *Blair v. Ayers*, No. CV 99-6859-VAP (OP),

3   and specifically shall apply in the event of any post-conviction merits

4   determination, and retrial of all or any portion of Petitioner's criminal case.  Any

5   modification or vacation of this order shall only be made upon notice to and an

6   opportunity to be heard from both parties.

7          IT IS SO ORDERED.

8

9   DATED: ___2/19/09___

10                                          HONORABLE OSWALD PARADA
                                            United States Magistrate Judge

11   Presented By:

12   SEAN K. KENNEDY
     Federal Public Defender

13

14      */s/ Statia Peakheart*
     STATIA PEAKHEART
15   Deputy Federal Public Defender
     Attorneys for Petitioner,
16   JAMES NELSON BLAIR

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF SERVICE

I declare that I am, and was at all times herein mentioned, a citizen of the United States, a resident of the County of Los Angeles, over the age of 18 years and not a party to this action or proceeding.  My business address is Office of the Federal Public Defender, 321 East 2nd Street, Los Angeles, California 90012-4206, and I am employed in the office of a member of the bar of this Court, at whose direction the service described herein was made.  I served the within [Proposed] **Protective Order for Testimony and Declarations Regarding Petitioner's Competency** on the parties in this action by placing one copy thereof in an envelope and depositing said envelope in the United States Mail, with postage fully prepaid thereon, at Los Angeles, California, addressed as follows:

James N. Blair, CDC# D-13027

San Quentin State Prison

San Quentin, CA 94964

By Hand-delivery:

Death Penalty Law Clerk

United States Courthouse, Rm 801

312 North Spring Street

Los Angeles, CA 9001

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Los Angeles, California on August 27, 2008.

*/s/ Martha Sifuentes*

Martha Sifuentes